FILED
IN CLERKS OFFICE

2006 APR -6  P 12: 09

U.S. DISTRICT COURT
DISTRICT OF MASS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MAGISTRATE JUDGE _____

| | |
|---|---|
| BENJAMIN LIGERI<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, and the DEPARTMENT OF VETERANS AFFAIRS<br><br>　　　　Defendants. | No.: **06-10646RWZ**<br><br>COMPLAINT FOR REIMBURSEMENT OF MGIB BENEFITS OWED TO PLAINTIFF<br><br>JURY TRIAL DEMANDED |

COMES NOW the Plaintiff, Benjamin Joseph Ligeri, and alleges as follows:

That benefits under the Montgomery GI BILL ("MGIB") have been earned and accrued by Plaintiff but have *not* been paid to Plaintiff (though applied for) as they are legally required to be.

## I.　PARTIES

1.1　Plaintiff, Benjamin Ligeri, is now a resident of Rehoboth, Massachusetts, address of 39 Wheaton Ave. Plaintiff's Social Security Number is

COMPLAINT - 5

-1-

1.2   Defendant, United States of America, is the responsible party for lawsuits against the United States Military, Agencies, and Cabinet Departments of the United States government.

1.3   Defendant, Department of Veterans Affairs, is a Cabinet Department of the United States government responsible for administering programs of veterans benefits for veterans, their families, and survivors.

## II.   JURISDICTION AND VENUE

2.1   Jurisdiction and Venue are conferred upon this Court by 28 U.S.C. §§ 1346.

## III.   STATEMENT OF FACTS

3.1   Plaintiff enlisted in the United States Military in 1998 and was discharged "under honorable conditions", by no fault of his own, but by reasons constituting medical in nature, in the year 2000.

3.2   Plaintiff was told by his Navy Recruiter that, just by enlisting in the Navy, he would receive money for college and so Plaintiff so enlisted in 1998.

3.2   Plaintiff entered into an "MGIB Contract" while in "Boot Camp" in Great Lakes, Illinois, that he was *not* allowed to read with a Chief Petty Officer who did not give his name. The *unnamed* Chief Petty Officer briskly explained to Plaintiff in a group of other "Navy Recruits" the following terms: that if he were to agree to pay $100 dollars per month (to be drafted monthly from his military pay) for a period of 12 months, that he would, at the end of that 12 months, be granted an amount

COMPLAINT - 5

of $15,000 dollars for college use. – No other information on "terms of use" or "eligibility" were given and Plaintiff entered into said contract under said terms.

3.3  Plaintiff's pay was diminished by the $100 dollars per month over the next 12 months, thus fulfilling all terms of the contract and was thus owed $15,000 dollars for college use.

3.4  Plaintiff enrolled in Tacoma Community College in 2002 and attended for a period of about 2 years (attending full-time and including summer quarters).

3.6  After initially enrolling at Tacoma Community College, Plaintiff applied for his "MGIB Benefits" with the college's "Veterans Affairs" office.

3.7  Plaintiff was notified by the Department of Veterans Affairs and his college's Veterans Affairs office that his application for MGIB Benefits was <u>denied</u>.

3.8  Plaintiff appealed the decision of the Department of Veterans Affairs and was <u>denied</u> again. During the time of Plaintiff's second denial and during the time following it, Plaintiff made several calls to the Department of Veterans Affairs as to why he was denied his earned benefits and was given various insubstantial and inconsistent reasons. One such reason given to Plaintiff was that he had not fulfilled the "length of service" requirements necessary to claim benefits under the Montgomery GI Bill.

3.9  Said reason for denial (aforementioned in paragraph 3.8) given Plaintiff by the Department of Veterans Affairs was without merit and inconsequential for the following, but not limited to the following, reasons (reasons which Plaintiff

COMPLAINT - 5

communicated to his college's Veterans Affairs office and the Department of Veterans Affairs in his appeal that was denied):

    A.    <u>REASON ONE</u>: Plaintiff's length of service, alone, is not a valid reason to deny Plaintiff benefits; because, even if it was, Plaintiff becomes re-eligible under the exemptions clause of the MGIB regulations and Federal Law pertaining to the administration of Veterans Benefits (particularly, the regulations dealing with "no-fault" discharge on the part of the enlistee).

    B.    <u>REASON TWO:</u> The <u>contract</u> entered into between Plaintiff and the United States Navy (by and through the *unnamed* Chief Petty Officer) did not call for any eligibility requirements other than the completion of a 12-month payment period of $100 dollars per month, totaling $1,200 – and Plaintiff fulfilled this contract in its entirety.

4.0    Plaintiff was unable to complete college and afford to stay in the area of his college, due to the Department of Veterans Affairs' improper/unlawful refusal to pay Plaintiff his rightfully earned MGIB Benefits. Thus, Plaintiff subsequently moved back home to stay with family in Rehoboth, MA, and was unable to complete the requirements of his degree.

## IV. CLAIM FOR RELIEF

4.1    Plaintiff restates and reiterates herein all previous paragraphs.

COMPLAINT - 5

4.2 Under the laws of the United States, with respect to the administration of Veterans Benefits, Plaintiff is entitled to receive his MGIB Benefits of $15,000.

4.3 Under Federal Contract Law, Plaintiff is entitled to receive an amount of $15,000 for college because he has fulfilled his side of the aforementioned agreement that, once fulfilled, promised such compensation to Plaintiff.

4.4 Plaintiff is entitled to money for college because it was the inducement used by his Navy Recruiter, acting on behalf of the United States Navy/United States of America, to get Plaintiff to agree to enlist in the military.

## V.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief:

A. Payment of $15,000 for reimbursement of MGIB Benefits that would have been exhausted had they been paid;

B. Any other such relief this Court deems just and equitable, including relief for the additional suffering that this has all caused.

//
//

DATED THIS ___ 6th ___ day of ____April____, 2006.

_____
BENJAMIN LIGERI, plaintiff, pro se
39 Wheaton Ave
Rehoboth, MA 02769

COMPLAINT - 5